Brian S. King, #4610 *pro hac vice*
**BRIAN S. KING, P.C.**
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARK E. and C.E., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ANTHEM BLUE CROSS and BLUE ) <br> SHIELD, and the MAXIMUS EMPLOYEES ) <br> WELFARE BENEFIT PLAN, ) <br> ) <br> Defendants. ) | Civil Action No. 1:24-cv-01266 |

## MOTION TO AMEND THE COMPLAINT

Plaintiffs Mark E. ("Mark") and C.E., through their undersigned counsel and pursuant to F.R.Civ.P. 15(a)(2), move this Court for an Order allowing Plaintiffs to file their Amended Complaint in this matter to add references to C.E.'s continued treatment at Fulshear. As alleged in the proposed amended complaint, Anthem denied additional claims for C.E.'s readmission to Fulshear in July of 2023 as well as C.E.'s transitional care at that same facility beginning on October 23, 2023. The appeals process relating to the additional treatment referenced in the proposed amended complaint stretched into the end of 2024. The interests of justice favor

1

allowing Plaintiffs to amend the complaint. A copy of the proposed Amended Complaint and a redlined version showing changes are attached. Plaintiffs sought the consent of Defendants in amending the complaint, but counsel for Defendants were unable to contact their client before the time of filing.

## ARGUMENT

Rule 15(a) motions are left to the discretion of the trial court.[1] Rule 15 instructs courts to freely give leave "when justice so requires," and the purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.[2] If the underlying facts or circumstances relied on by Plaintiffs may be the proper subject of relief, they "ought to be afforded an opportunity to test [their] claim on the merits."[3] Further, for the Court to refuse leave to amend, amendment must be "prejudicial," there must have "been bad faith," or the amendment must be "futile."[4] None of these are true here. The Court has not yet set a deadline by which Plaintiffs must amend their claims or identify any additional parties to the suit. Further, because the appeals process was ongoing in relation to these additional, related claims until very recently, there was good cause for any delay in amending the complaint. Accordingly, this Court should grant Plaintiffs leave to amend.

## CONCLUSION

For the foregoing reasons, the Court should allow Plaintiffs to file the proposed Amended Complaint.

DATED this 28th day of March, 2025.

---

[1] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).
[2] *See Id*.
[3] *Id*.
[4] *HCMF Corp. v. Allen*, 238 F.3d 273, 276-77 (4th Cir. 2001).

/s/ Brian S. King
Brian S. King, *pro hac vice*
BRIAN S. KING, P.C.
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Tel.: (801) 532-1739
brian@briansking.com

Damon R. Miller, *local counsel*
BEN GLASS LAW
3998 Fair Ridge Dr., Suite 250
Fairfax, VA 22033
Tel.: 703-591-9829
dmiller@benglasslaw.com

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served to all parties registered for service in the CM/ECF system.

Dated this 28th day of March, 2025.

/s/ Brian S. King