IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARK E. and C.E., <br><br> Plaintiffs, <br><br> v. <br><br> ANTHEM BLUE CROSS and BLUE SHIELD, and the MAXIMUS EMPLOYEES WELFARE BENEFIT PLAN, <br><br> Defendants. | Civil Action No. 1:24-cv-01266 |

## JOINT DISCOVERY PLAN

Pursuant to this Court's Scheduling Order (Dkt. No 46) the undersigned parties submit this Joint Discovery Report. Plaintiffs, Mark E. and C.E., and Defendants Anthem Blue Cross and Blue Shield ("Anthem") and the Maximus Employees Welfare Benefit Plan ("the Plan") agree to the following:

**Case Summary:**

This case involves claims for unpaid medical benefits under ERISA, 29 U.S.C. §1132(a)(1)(B) and claims for violation of the federal Mental Health Parity and Addiction Equity Act ("MHPAEA") brought under ERISA, 29 U.S.C. §1132(a)(3).

The parties agree that this case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et* seq ("ERISA") and by the requirements of MHPAEA. However, the parties disagree about the extent to which, if at all, the Plaintiffs may conduct discovery.

**Discovery Plan Report:**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties developed the following

discovery plan:

(a) Plaintiffs will likely seek discovery from the Defendants regarding their Second Cause of Action.

(b) Whenever feasible, the parties will produce all electronically stored information in Bates-stamped, pdf format.

(c) The parties have agreed that if any party produces electronically stored information, or other documents that the producing parties' claims are privileged, they will notify the opposing party or parties within a reasonable time.

(d) At this time, the parties do not foresee any need for any variance from the rules pertaining to discovery, including any variance from the limit of ten (10) depositions per side provided by Fed. R. Civ. P. 30(a)(2)(A) and twenty-five (25) written interrogatories per side provided by Fed R. Civ. P. 33(a)(1); however if circumstances change, the parties will request leave of Court to conduct additional depositions and/or interrogatories.

(e) Defendants will provide Plaintiffs with the prelitigation appeal record, and Plaintiffs will serve their FRCP 26(a)(1) initial disclosures by **May 29, 2025.**

(f) As to the claims brought in the First Cause of Action, in the event there is a dispute as to the completeness of the pre-litigation appeal record, the parties may bring a motion with the court by **June 29, 2025.** If there is a dispute about the amount at issue in the case, and/or the Plaintiffs' desire to conduct discovery relating to a conflict of interest, a party may bring a motion with the court, to have such issues determined by the court by **June 29, 2025**. The motion shall include such discovery as is proposed and a memorandum supporting the proposed discovery.

(g) As to the Second Cause of Action, the Plaintiffs do not believe limiting discovery to any pre-litigation appeal record that may exist for a claim brought under 29 U.S.C. §1132(a)(1)(B) is appropriate. Plaintiffs request the full scope of discovery allowed by the Federal Rules of Civil Procedure for their MHPAEA claim brought under 29 U.S.C. §1132(a)(3). Defendants disagree with Plaintiffs' position and believe that both of Plaintiffs' ERISA claims should be limited to the pre-litigation appeal record. The parties dispute whether Plaintiffs should be required to file a motion regarding the need for or permissibility of discovery as to the Second Cause of Action.

(h) The parties agree to limit discovery to ten (10) depositions per side and twenty-five (25) interrogatories per party. No physical or mental examinations of parties will be requested.

(i) The last day to serve written discovery is **August 13, 2025**

(j) The cutoff for close of fact discovery is **September 12, 2025.**

(k) **EXPERT DEADLINES**

   a. Plaintiffs will disclose their expert designation in accordance with FRCP 26(a)(2) on **September 19, 2025**.

   b. Defendants will disclose their expert designation in accordance with FRCP 26(a)(2) on **October 20, 2025**.

   c. Plaintiffs will disclose any evidence that is solely contradictory or rebuttal evidence to the defendant's disclosure by **November 4, 2025**.

   d. The deadline to complete all expert disclosures and discovery is **December 4, 2025**.

(l) The parties do consent to waiving the Initial Pretrial Conference in this matter.

(m) The parties do consent to magistrate judge jurisdiction for this case.

(n) The deadline for the parties to discuss ADR/settlement possibilities is **December 11, 2025**.

(o) All pleadings, motions and other papers filed with the Court shall be served electronically through Case Management/Electronic Case Files ("CM/ECF"). The Parties agree to serve by electronic mail ("e-mail") all discovery requests and agree that service of such documents by e-mail is sufficient.

DATED this 16th day of May 2025

Respectfully submitted,

/s/ Brian S, King
*Admitted Pro Hac Vice*
BRIAN S. KING, P.C.
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com

Damon R. Miller (98308)
Local Counsel for Plaintiffs
3998 Fair Ridge Dr. Ste. 250
Fairfax, VA 22033
dmiller@benglasslaw.com
PHONE: (703) 591-9829
FAX: (703) 991-0458

*Attorney for Plaintiffs*

/s/*Kristen L. Mynes      (w/permission)*
Jonathan M. DeMars (Va. Bar No. # 96426)
Kristen L. Mynes (Virginia Bar # 94905)
TROUTMAN PEPPER LOCKE LLP
Post Office Box 1122
1001 Haxall Point, 11th Floor
Richmond, VA 23218-1122
804-697-1200 (telephone)
804-697-1339 (facsimile)
jonathan.demars@troutman.com
Kristen.Mynes@troutman.com

Counsel for Defendant Anthem Blue Cross and Blue Shield and the Maximus Employees Welfare Benefit Plan

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2025, a copy of the foregoing was served on all counsel of record using the Court's CM/ECF system.

/s/ *Damon R. Miller*
Damon R. Miller (local counsel for Plaintiffs)

2